Kunkle, J.
This is a proceeding to contest the will of Harriett Stouffer, deceased. The will consists of two typewritten sheets of paper, fastened together by brads or paper fasteners.
The instrument was presented to the probate court of Madison county, and application made to probate the same as the valid last will and testament of Harriett Stouffer.
The probate court refused to probate the same.
*114 An appeal from the judgment of the probate court was taken to the court of common pleas, and that court admitted the will to probate as being the valid last will and testament of the said Harriett Stouffer.
Present plaintiffs in error then filed a petition in the common pleas court of Madison county to contest the will.
The case was submitted to the court upon the pleadings and an agreed statement of facts.
Upon the undisputed facts, the trial court instructed the jury to return a verdict finding that the said instrument was the valid last will and testament of said deceased.
From such judgment, error is prosecuted to this court.
In brief, it is contended that the instrument in question is not the valid last will and testament of said deceased, because it is not signed at the end thereof, as required by Section 10505, General Code.
This contention is based upon the fact that the signatures of the testatrix and of the attesting witnesses are upon the first, or upper page, as .the sheets are fastened together.
The following is a copy of said will as it appears in the record, marked Exhibit No. 1, to-wit:
(Top Page.)
“Fift, I hereby appoint my husband, Abram J. Stauffer and J. R. Woods of Plain City, Madison County, Ohio, as Sole Executors of this, my last Will and testament,
*115 “In Witness whereof, I hereunto set my hand at Plain City, County of Madison, this 12th day of June 1914.
“Signed and Sealed by “Harriett Stouffer
said Harriet Stauffer,
who at the same time
published and declared the same, as and
for her last will and Testament, in the
presence of us, who, in her presence,
and in the presence of each other, and at
her request, have hereto subscribed our names
as witnesses.
“John H. Si-iultz
“Jos. Nunamaker"
(Bottom Page.)
“The last will and testament of Harriet Stouffer?
“In the Name of the benevelant Father of all.
“I, Harriet Stouffer of the village of Plain City, County of Madison, in the State of Ohio, being in good health of body, and of sound and Disposing mind and memory, and being desirous of settling my worldly Affairs while i have strenght and capacity so to do, do make, publish, and declare this my last will and testament,
“First, I give and bequeth to my beloved husband, Abram J. Stouffer, all my real Estate and personal Property that i may possess at my dead in fee Simple, and at his head if there is any left to be distrubed as follows to-wit, to my sister Marry Bowers, the sum of One Dollar, to my Neisses *116 Effie Converce, Allice Chandler, Roby Beach and Charles Guy the Sum of one dollar each.
“To Minnie Dockman and Ettie Dockman two hundred Dollars each.
“To the Presbyterean Church of Plain City, Two Hundred Dollars.
“Second. It is my wish that wen the above bequeths are paid that my Executors herein after named shall see that John Guy my Brother if in need shall hold in' trust for- him whatever they may deem sufficient for his wants before any distribution is made of the remainder of my estate that may be left at the death of my Husband Abram J Stauffer,
“Third, Whatever property both personal or real that may be left after Clouse first and Second in this will has been complied with shall be devided.as follows, to-wit, to Ellen Shank the one Eight of the estate Left, to Marry Ann McKinneys Children, one Eight, Thurman Guy one third and to Rhoda Fraham and her Heirs Two thirds? “Fourth, If any of the witnin named Parties herein should become dissatisfied with the distribution made by me or attempt by law or otherwise to set this will aside, they shall forfeit all rights to share there under and their interest whatever it may be shall revert to the other Heirs herein mentined.”
It clearly appears from an inspection of the original wiil that the lower or second sheet, as fastened together, was intended to be the first part of the will, and that the first or upper sheet, as fas *117 tened together, was intended to be the concluding portion of the will.
The lower or second sheet of the will begins as follows:
“The last will and testament of Harriet Stouffer?
“In the Name of the benevalent Father of all.
“I, Harriet Stouffer of the village of Plain City,” etc.
This instrument then proceeds with regular continuity down to the bottom of said page, ending with paragraph No. 4, and commencing at the top of the first or upper page with paragraph No. 5 proceeds with regular continuity down to the testimonium clause thereof, which was clearly intended to be the end of the will.
The signature of the testatrix immediately follows such testimonium clause.
The attestation clause appears to the left of the signature of testatrix upon said sheet and is immediately followed by the signatures of the subscribing witnesses.
A careful examination of the will convinces us that the end of the will, within the meaning of Section 10505, of the General Code, is the blank line evidently intended for signature immediately following the testimonium clause. This is the place at which the will in question is signed.
We think this holding is not inconsistent, but in harmony, with the rule announced by our supreme court in Irwin et al. v. Jacques et al., 71 Ohio St., 395; Sears et al. v. Sears et al., 77 Ohio St., 104, and Mader et al. v. Apple et al., 80 Ohio St., 691.
In the case of Irwin et al. v. Jacques et al., supra, *118 Judge Price, in announcing the decision, says at page 407:
“There should be some continuity in the expression of the testator’s wishes, and if a part of the will is aside from the continuity of the language, such as the marginal matter in this case, there should be some word or character used as a reference to the place it should occupy in relation to the other provisions, so that the end of the will may be ascertained.”
Under the rule of continuity of expression so announced, we think the beginning and end of this will can be definitely fixed by an examination of the context.
In the Sears case, supra, the court, in substance, held that the end of the will was the blank line for signature immediately following the testimonium clause; and the will in that case was held invalid because the testatrix did not sign at such place, but wrote her name as a part of the testative clause immediately following.
In the Mader case, supra, the will was held valid, where the testator signed upon the blank line immediately following the testimonium clause, notwithstanding the fact that there was a considerable blank space between the testimonium clause and the dispositive part of the will. In that case, Judge Crew, among other language employs the following at page 699:
“While the leaving of a blank space such as found in this will was imprudent, in that it afforded an opportunity for fraudulent practice, nevertheless, the leaving of such blank is not of itself sufficient to invalidate the will. By usage and custom, *119 in every orderly constructed will, the. testimonium clause is universally recognized and adopted as the formal conclusion and end of such will, unless from the instrument itself a contrary intent appears.”
In the case of Stinson’s Estate, 228 Pa. St., 475, the court, commencing at the bottom of page 477, states:
“His written declaration is his animus testandi; when it is fully expressed, his will is finished and the end of it reached. It is there that his signature must appear as evidence that it is his will. What he regards as the end of his will and what must manifestly be regarded as the end of it, from an inspection and reading of the writing, is the end of it under the statute, which contains nothing about the spatial or physical end of it.”
From a careful consideration of the instrument in question, and of the authorities pertinent to the issue, we have reached the conclusion that the instrument under consideration was signed by the testatrix at the end thereof and that the trial court upon the undisputed facts correctly instructed the jury to return a verdict in favor of the validity of the will.
Finding no prejudicial error in the record, the judgment of the lower court will be affirmed.

Judgment affirmed.

Allread and Ferneding, JJ., concur.